IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALFRED BONAPARTE,            *
       Plaintiff,
                             *

    v.                                                        CIVIL ACTION NO. PJM-09-1219
                             *

LT. ROBERT FRIED, et al.,
       Defendants.          *
                             ******

## **MEMORANDUM OPINION**

On May 11, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983 seeking compensatory and punitive damages as well as injunctive relief. Counsel for Defendants has filed a dispositive motion (Paper No. 9) which shall be treated as a Motion for Summary Judgment. Plaintiff has not filed a response.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2009).

### 1. Factual Background

On October 29, 2008, Plaintiff pled guilty to a rule infraction accusing him of threatening a correctional officer during a cell search.[2] He was sanctioned with 180 days on segregation which was subsequently reduced by the Warden to a total of 120 days disciplinary segregation. Paper No. 9, Ex. 2, 4 and 5.

Inmates on disciplinary segregation at WCI are housed in the segregation unit. They receive

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on August 18, 2009, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 10. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

[2] In Plaintiff's complaint, he indicates that the October 29, 2008 hearing arose out of a disrespectful letter he sent to a staff nurse. It appears, however, that the hearing was held regarding Plaintiff's letter was held on February 9, 2009. Paper No. 9, Ex. 9.

meals in their cells, have most of their property confiscated during their segregation sentence, and leave their cell for only one hour of recreation each day. *Id*., Ex. 6.

WCI's Reduction in Violence Committee (RIV) met regarding Plaintiff's infractions and determined he posed a serious threat to institutional security.[3] The Committee imposed an additional 60 days of cell restriction to be served consecutive to Plaintiff's segregation time. *Id*. Plaintiff was served with notice of the Committee's action on December 15, 2008. *Id*., Ex. 4.  Cell restriction at WCI is less restrictive than disciplinary segregation in that inmates on cell restriction remain in general population, eat meals in the chow hall with other inmates, keep their property, and continue any vocational or educational programming. *Id*., Ex. 6. Inmates are however, restricted to one hour of recreation per day as opposed to the six-seven hours of recreation general population inmates receive. *Id*.

On February 3, 2009, while serving his disciplinary segregation sentence, Plaintiff received another infraction for sending a sexually explicit letter to a staff member in the medical department. *Id*., Ex. 8.  Plaintiff pled guilty to the rule infraction and received an additional 45 days on disciplinary segregation.  Accordingly, Plaintiff served the 60 day cell restriction imposed by the RIV for the October infraction while on disciplinary segregation rather than upon his return to general population. *Id*., Ex. 6. When an inmate is placed on cell restriction while on disciplinary segregation he is entitled to one hour of outdoor recreation per week, and one hour out of cell activities five days a week. *Id*.

## 2. Standard of review

Fed. R. Civ. P. 56(c) provides that:

[Summary judgment] shall be rendered forthwith if the pleadings, depositions,

---

[3] The RIV developed by the Division of Correction to reduce incidents of inmate violence, permits imposition of additional sanctions to those already imposed through the adjustment process. One such sanction allows the RIV to order restrictions on housing. *Id*., Ex. 7

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### 3. Analysis

Generally, prisoners do not have a constitutional right to demand to be housed in one prison verses another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its

prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), the focus on mandatory language in prison regulations was rejected. A liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations.  *Id.* at 484.  Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations.  *Id*.  Following the reasoning of the Supreme Court in *Sandin*, the Fourth Circuit held that a liberty interest is not implicated when inmates are placed on administrative segregation, because when comparison with these conditions they would expect to experience as an ordinary incident of prison life, such placement does not constitute an atypical and significant hardship.  *See Beverati v. Smith*, 120 F.3d 500, 502-04 (4th Cir. 1997); *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996).   The analysis requires the court to conduct a fact specific examination to determine if the conditions imposed Plaintiff give rise to a liberty interest.

  Defendants aver that cell restriction is not an "atypical and significant hardship" and is far less restrictive than segregation.  Inmates assigned to cell restriction remain in general population and are permitted to go to the dining hall with other inmates for meals.  Inmates placed on cell restriction are permitted to keep all of their property and to continue job and educational programs outside their cell.  The primary sanction for an inmate on cell restriction is that the inmate is permitted only one hour of recreation per day as opposed to six or seven hours of recreation permitted general population inmates.   Plaintiff's cell restriction while housed on disciplinary segregation, a sentence not originally contemplated by the RIV but necessitated due to Plaintiff's incurring additional infractions, did add additional restrictions on his out-of-cell activity.

In *Beverati*, the Fourth Circuit, in affirming the decision of this court, held that Beverati's placement in segregation did not comparatively constitute the type of hardship necessary to give rise to a liberty interest in avoiding such placement. *See Beverati*, 120 F.3d at 503. The Court here finds that there is nothing in the record or pleadings which shows that the nature of Plaintiff's assignment to cell restriction comprised the atypical hardship contemplated by *Sandin* or *Beverati*. Thus, his restriction does not implicate a liberty interest.[4] Placement in a housing unit that provides for a higher degree of prisoner monitoring is not atypical. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

To the extent Plaintiff's complaint can be construed as raising a due process claim because he sought to withdraw his guilty plea, his claim is unavailing. Nothing in the record suggests that Plaintiff's guilty pleas were made due to his being promised a specific sanction in exchange for the pleas. In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits, he is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). The record reflects that Plaintiff did not lose any good conduct credits as a result of either disciplinary proceeding and that he received all process that he was due.

### 4. Conclusion

Given the foregoing, Defendants are entitled to summary judgment in this case. A separate

---

[4] During the 60 days when Plaintiff was subjected to cell restriction while housed on disciplinary segregation he still received at least 5 hours out-of-cell time each week. In *Beverati,* the court held allowing inmates just 3-4 hours out of their cells a week for six months was not so atypical that it im*p*osed a significant hardship and implicate a liberty interest. *Beverati*, 120 F. 3d at 504.

Order shall be entered in accordance with this Memorandum Opinion.


January 20, 2010                                         /s/
                                          PETER J. MESSITTE
                                     UNITED STATES DISTRICT JUDGE